## KIMPSON *v.* HUNT.

Where in a suit commenced before a justice of the peace, by attachment, one M. was garnished as a debtor of the defendant, and required to appear on the day set for the trial of the cause; and where, on the day set for trial, the defendant failed to appear, and judgment was rendered against him by default; and where, when the garnishee appeared, one J. H. "also appeared, and claimed the money in the hands of M. to be his, and to be admitted to defend the same;" and where the plaintiff demanded a jury, and the jury returned a verdict for the plaintiff; and where judgment was rendered against M., the garnishee, for the money in his hands belonging to the defendant, and against the defendant, for the costs of suit, from which the defendant appealed, which appeal was allowed; and where from other entries on the docket of the justice, it appeared, that on the day the appeal bond was filed, the defendant filed with the court, a writing constituting J. W. H. his agent to prosecute the appeal, or settle the same, as he might think fit; that on the same day, the plaintiff filed with the justice a writing, authorizing the justice, to settle for her all matters in controversy between herself and defendant, by his paying the principal and interest of the debt, she agreeing to pay the costs; and that the agent of the defendant, being on the next day, informed of said proposition, accepted the same, and ordered the appeal not to be sent to the District Court; and where, on the filing of the papers in the District Court, the appeal, on motion of the

plaintiff, was dismissed; *Held*, 1. That the judgment against the defendant for costs, in the proceedings against the garnishee, was a judgment that he had the right to appeal from; 2. That the entries made by the justice on his docket, subsequent to the allowance of the appeal, were not such entries as could be made by him in his official capacity, and were of no validity; 3. That the court erred in dismissing the appeal.

*Appeal from the Wappello District Court.*

IN a suit before a justice of the peace, commenced by attachment, in which the plaintiff recovered judgment against Thomas Hunt, for $82.50, by default, John M. Mail was summoned as garnishee, on the affidavit of plaintiff, that the said Mail had in his hands $61.25, due to the defendant. At the appointed time, Mail appeared before the justice, and as the transcript states, "John Hunt also appeared and claimed the money in the hands of John M. Mail to be his, and to be admitted to defend the same." Plaintiff demanded a jury, which was granted. Jury received and sworn. The case was fully investigated, and the jury returned the following verdict: "We, the jury, find for Nancy M. Kimpson." Judgment was rendered for plaintiff, against John M. Mail, for $61.25—that being the amount in his hands—and against John Hunt, for the costs of suit, $6.10. The defendant gave notice that he would appeal. On a subsequent day, John Hunt personally appeared before the justice, and filed an appeal bond, and an appeal was allowed. Other entries appear to have been made on the transcript of the justice to the following effect: "On the day the appeal bond was filed, the said John Hunt filed with the court, a writing constituting James W. Hunt his agent to prosecute the appeal, or settle the same, as he might think fit; and on the same day, the plaintiff filed with the justice, a writing authorizing him to settle for her all matters in controversy between herself and the Hunts, by their paying the principal and interest of the debt—she agreeing to pay the costs." And the justice further returns, in his transcript, that "the agent of John Hunt, being on the next day informed of said proposition, accepted the same, and ordered the appeal not

to be sent to the District Court.   On the filing of the papers in the District Court, the plaintiff moved the court to dismiss the appeal.   The motion was sustained, and the appeal dismissed.   There was no judgment for costs in the District Court.   John Hunt appeals to this court.

*H. D. Ives*, for the appellant.

*J. W. Summers*, for the appellee.

STOCKTON, J.—There is great confusion and uncertainty in the transcript of the justice in the cause.   He first rendered a judgment against Thomas Hunt, in favor of the plaintiff, for $82.50.   He next renders a judgment against Mail, the garnishee, for $61.25, and against John Hunt, for the costs of the garnishee trial, for $6.10.   How it appeared to the justice that Mail was indebted to Thomas Hunt, in the amount of the judgment against him, is not shown by the transcript; neither do we understand, why John Hunt was permitted to claim the amount alleged to be in Mail's hands, as his own; nor why there should have been a jury trial of that question.   There is difficulty in ascertaining what judgment it is, that John Hunt appeals from.   There was no order made by the justice, admitting John Hunt as a defendant, in the place of Mail; nor anything to show his right to an appeal from the judgment against Mail.   In fact, the whole record of the justice is in great confusion and obscurity, and it is difficult to arrive at any clear understanding of it.   One thing is clear, however, and that is, that a judgment was rendered against John Hunt, in favor of plaintiff, for $6.10, the costs of the garnishee suit.   From this judgment, at least, he had the right to appeal to the District Court, and the order of the court, dismissing the appeal, is erroneous, unless some good reason can be arrived at for such dismissal, from the entries made by the justice in his docket, after the trial of the cause.   These entries relate to a proposition by the plaintiff, to settle the matter in dispute between herself and the Hunts.   The justice returns in his

transcript, that the proposition being communicated to John Hunt, was accepted by him, and the justice was ordered not to send up the papers in the appeal to the District Court. It seems to us, that the justice had no authority to make any such entries or return, and they are of no validity. The entries could not be made by him in his docket *officially.* And, however true they may have been in point of fact, they do not constitute a part of the record, required by law to be kept by him, or entered on his docket. Code, § 2269. More than this, they do not, giving them the most liberal construction in favor of the plaintiff, show a payment, or satisfaction of the judgment.

We are of opinion, that the judgment of the District Court, dismissing the appeal, should be reversed, and the defendant, John Hunt, allowed to prosecute his appeal from the judgment against him for costs. This, in our opinion, is the only judgment he was entitled to appeal from.

Judgment reversed.